The commissioner of banking and insurance, as trustee of the Mortgage Guaranty Company of Passaic County, has made this application for an order directing the trustees of Labor Co-operative National Bank of Paterson, in liquidation, to turn over certain assets in their possession. In 1926, the mortgage company executed a trust indenture with the bank, under which mortgages were to be deposited with the bank, as trustee, to secure obligations of the mortgage company. Deposits of mortgages were made from time to time thereunder and there is now in the hands of the bank, as trustee, certain of such mortgages, together with deeds representing foreclosed mortgages so deposited and together with approximately some $20,000 in cash, the product of deposited mortgages. It appears that taxes are due in a large amount on the mortgages constituting the trust and that interest thereon is accruing at a high rate. Under these circumstances, the trustee for the mortgage company asks the court to direct that the cash, as well as the securities, be turned over to him so that he can effect a saving by applying the cash on the accrued taxes. The trustees of the bank oppose the unconditional turning over of these assets. The mortgage company owes the bank some $30,000 and the bank asserts the right to apply the cash towards the payment of this indebtedness. It also asserts that it has a claim for reasonable compensation for its services as trustee and asks that the amount of this compensation *Page 358 
shall be fixed by the court and impressed as a lien upon any assets turned over. In my opinion, neither of these contentions on the part of the bank is sound. The purpose of the Mortgage Guaranty Corporations' Rehabilitation act is to unify the administration of any and all assets in which the mortgage company may be interested and in furtherance of that purpose, the act and the order entered in this particular case thereunder, vests in the commissioner of banking and insurance, as trustee, any and all assets for any and all trusts created for the benefit of creditors of the mortgage company. This does not mean that existing trusts are destroyed, but it does mean that the administration thereof when taken over by the commissioner as trustee the rights of various classes of creditors be protected under the orders of this court. The particular trust created under the trust indenture between the mortgage company and the bank is not destroyed but the administration thereof is taken over by the commissioner under the direction of the court.
As to the claim of the bank that it is entitled to apply the $20,000 in the trust fund to the payment of the debt of the mortgage company for the $30,000 loan, there can be no such set-off because the bank, as trustee, and the bank, as direct creditor, are acting in entirely diverse capacities. To allow a set-off under such circumstances would be to allow the bank to collect a debt due to it from assets which are pledged to the owners of securities issued under the trust indenture. The obligations are not mutual and are not due in the same right.Jeffray v. Tower, 63 N.J. Eq. 530. Nor is the bank in any better position to set-off its claim for compensation against the cash in the trust fund. The trust indenture makes no provision for compensation and if the bank has such a claim, it is wholly unliquidated. It would work a great hardship to impound the $20,000 and prevent its being used to reduce the tax indebtedness while the question of the amount of the bank claim is being determined. There is no necessity for doing this, since there will remain ample assets in the form of mortgages out of which payment can be made later to the bank if its claim be finally determined. *Page 359 
There is another item of $4,000, the proceeds of one of the mortgages which was held by the bank as trustee. In effect, the commissioner collected this money as agent for the bank, as trustee. Since the balance of the corpus of the trust fund is to be turned over to the commissioner, he may retain this sum of cash.
An order may be presented in accordance with the foregoing opinion.